UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andre Lamar Hunter,
    Petitioner,

-v-

S.L. Burt,
    Respondent.

No. 1:18-cv-134

HONORABLE PAUL L. MALONEY

## OPINION

On February 7, 2018, Petitioner Andre Hunter filed a petition under 28 U.S.C. § 2254 seeking relief from a state conviction for first degree murder and possession of a firearm during the commission of a felony. (ECF No. 1.) The State of Michigan filed its response on September 14, 2018. (ECF No. 11.) The Magistrate Judge issued an R & R on January 9, 2019, recommending that the petition be denied. (ECF No. 18.) The matter is now before the Court for de novo review of Petitioner's objections to the R & R. (ECF No. 19.)

### Statement of Facts

Hunter takes no issue with the facts as summarized by the magistrate judge. Since he lodges objections only to legal conclusions, the Court **ADOPTS** the magistrate judge's summary of the facts contained in the R & R. (ECF No. 18.)

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R & R) issued by a magistrate judge, a party has fourteen days to file written

objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*per curiam*) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Discussion

Hunter asserted three grounds for relief in his § 2254 petition that can be summarized as: (1) Insufficient evidence to support his conviction; (2) constitutional error in the jury instructions; and (3) ineffective assistance of counsel. He now raises five objections to the magistrate judge's conclusions as to those claims.

**Objections 1: Sufficiency of the Evidence**

Petitioner first argues that the evidence was constitutionally insufficient to sustain his conviction because he says that the evidence was insufficient to establish that he was the person who shot David Hall.

The magistrate judge concluded that Hunter's claim was meritless. The standard for a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). When determining whether there exists sufficient evidence to support a conviction, the Court may not weigh the evidence, assess the credibility of the witnesses, or substitute its judgment for that of the jury. *See United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006). Furthermore, where the record supports conflicting inferences the Court "must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *O'Hara v. Brigano*, 499 F.3d 492, 499 (quoting *Jackson*, 443 U.S. at 326).

When brought in a § 2254 proceeding, the AEDPA standard also applies, so "the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson* and second, deference should be given to the Michigan Court of Appeals' consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008).

Based on this standard, the magistrate judge concluded that Hunter's sufficiency of the evidence claim was meritless because it was completely reliant on reweighing the credibility of witness testimony and reweighing of evidence that he had presented to the jury. Therefore, the Michigan Court of Appeals reasonably applied *Jackson* in concluding that "the resolution of this conflicting evidence was a question for the jury" and that "the evidence was sufficient to establish [Hunter's] identity and to support his convictions . . . ." *Hunter*,

2016 WL 930746 at *3. In sum, the magistrate judge found neither that Hunter could satisfy the *Jackson* standard nor that the Michigan Court of Appeals had unreasonably applied the standard on direct appeal.

In his objections, Hunter offers a reprisal of his argument that the jury should have rejected the eyewitness testimony of Patrice Walker because two witnesses (Sarah Brown and Traci Miller) later executed affidavits averring that Patrice Samuels showed her a picture of Hunter in February or March of 2009, and Samuels told Walker that "This is the person they are saying did the shooting." He says that the jury was not able to consider the credibility of the two witnesses to this exchange. However, an argument that additional evidence could have been submitted to the jury to cast doubt on a witness's credibility cannot support a sufficiency of the evidence claim as a matter of law. The magistrate judge correctly concluded that under the doubly-deferential standard imposed by *Jackson* and AEDPA, this claim for relief was meritless. Accordingly, the objection will be overruled.

### Objection 2. Newly Discovered Evidence

In a continuation of his argument that the evidence did not support his conviction, Plaintiff asserts that the magistrate judge incorrectly assessed the value of the Brown and Miller affidavits. However, the magistrate judge correctly observed that it was unclear whether Walker was shown the photo of Hunter before or after she was presented the photo array by police on March 4, 2009. The core contention in the affidavit was also hearsay—that Samuels had told Walker that the person in the picture was the suspect in the Hall murder. Therefore, the affidavits had no independent value in undermining Walker's identification testimony or diminishing the sufficiency of the evidence presented at trial.

Hunter now claims that it does not matter that the Brown and Miller affidavits contained hearsay, because the Court is "determining whether Petitioner is guilty or innocent." However, Hunter misapprehends the Court's role. The Court is not starting from a fresh slate and determining guilty or innocence. It cannot substitute its judgment for that of the jury and is prevented from reweighing the evidence.

To the extent that Petitioner is claiming actual innocence, it is his burden to show that "it is more likely than not that no reasonable juror would have voted to convict him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The newly-discovered evidence he offers falls well short of this burden for the reasons already explained. Accordingly, this objection will be overruled.

### Objection 3: Jury Instructions

Hunter's claim regarding jury instructions relates to the state trial court's refusal to give subsection 4 of the Michigan Model Criminal Jury Instruction concerning identification. The subsection provides: "(4) You may also consider any times that the witness failed to identify the defendant, or made an identification or gave a description that did not agree with (his/her) identification of the defendant during trial."

The Michigan Court of Appeals found that, while the trial judge erred by failing to give the requested instruction, Petitioner was nevertheless not entitled to relief. Specifically, the court found that, while the trial judge was correct that "there was no evidence that a witness misidentified another individual as the shooter," the inconsistencies in Patrice Walker's testimony warranted giving the requested instruction. *Hunter*, 2016 WL 930746 at \*2 (internal citations and footnote omitted). The court further concluded, however, that this

error did not merit relief because the jury instructions, when "considered as a whole," properly instructed the jury how to assess the identification evidence, as well as how to generally assess witness credibility. *Id.*

The magistrate judge properly recited the standard for claims premised upon a refusal to give a requested jury instruction: (1) the requested instruction was an accurate statement of the law; (2) the substance of the requested instruction is not substantially covered by other instructions presented to the jury; and (3) the failure to give the instruction impairs the defendant's theory of the case. *See, e.g., United States v. Carr*, 5 F.3d 986, 992 (6th Cir. 1993). In the context of a habeas petition under § 2254, however, the petitioner must further establish that the failure to give the requested instruction "substantially affected the jury deliberations such that the omission 'so infected the entire trial that the resulting conviction violated due process.'" *Sutton v. Bell*, 683 F. Supp. 2d 640, 722 (E.D. Tenn. 2010) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)).

The magistrate judge ultimately agreed with the Michigan Court of Appeals that the trial judge's refusal to give the instruction was legal error, but that it did not substantially affect the deliberations because the substance of subsection (4) was conveyed through the instructions as a whole. Therefore, the magistrate judge concluded that the Michigan Court of Appeals decision was not contrary to or an unreasonable application of federal law.

Hunter now references some inapposite caselaw but does not challenge the conclusion that the instructions as whole were sufficient. Accordingly, this objection must fail as the Court does not find that the state trial court's refusal to give the requested instruction "infected the entire trial" such that it violated Hunter's right to due process. In

particular, the Court notes that the jury was explicitly instructed that "it was the prosecution's burden to prove beyond a reasonable doubt that the crimes were committed and that the defendant was the person who committed him." (ECF No. 12-20 at PageID.1673.) This instruction, working in combination with the identification instruction, were sufficient to avoid an error of constitutional magnitude.

### Objections 4 & 5: Suggestive Identification Procedure & Ineffective Assistance of Counsel for Failing to Request an Identification Expert

The Court will take Petitioner's final two objections together. He first argues that the photo array procedure used by police, by which Patrice Walker identified him as David Hall's killer, was improperly suggestive. He also asserts that his trial counsel's failure to request or retain an expert witness to testify regarding identification procedures constitute ineffective assistance of counsel.

As to the former, Hunter did not raise this particular challenge with the Michigan Court of Appeals, rendering it procedurally defaulted, as the magistrate judge noted. Even if that were not true, the Court agrees with the magistrate judge that Hunter has failed to present evidence that the circumstances of the photo array procedure were unnecessarily suggestive. In other words, Petitioner has offered no evidence from which the Court could conclude that "the witness's attention was directed to a suspect because of police conduct." *Howard v. Bouchard*, 405 F.3d 458, 470 (6th Cir. 2005).

Petitioner clarifies in his objections that he takes no issue with the police conduct leading to Walker's identification of him. He instead raises the the episode previously discussed where, sometime between February and March, before or after Walker identified

7

Hunter in a police lineup, she was shown a picture of Hunter by Patrice Samuels. However, given that this does not involve government conduct, Petitioner cannot claim that this act deprived him of a fair trial.

As to Hunter's claim that his trial counsel was constitutionally ineffective for failing to request or consult with an identification expert, Petitioner offers no evidence that an "identification expert" would have offered evidence or testimony favorable to his defense or that such would likely have resulted in a different outcome. In the absence of any evidence as to how an "identification expert" would have advanced his cause, Petitioner's claim is based on nothing more than speculation—an insufficient basis for obtaining habeas relief. Upon de novo review of this claim, the Court finds that the magistrate judge properly concluded that Hunter's ineffective assistance of counsel claim lacked merit.

## Conclusion

In short, Hunter has presented no claim for which he is entitled to habeas corpus relief. The Court will overrule the objections and adopt the R & R as the Opinion of the Court.

## Certificate of Appealability

As previously discussed, The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether

a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining petitioner's claims under the standard in *Slack*, a reasonable jurist would not conclude the Court's assessment of each of petitioner's claims to be debatable or wrong, particularly in light of the AEDPA deference owed to the Michigan courts. Accordingly, Petitioner's certificate of appealability is **DENIED.**

<u>**ORDER**</u>

For the reasons discussed in the accompanying opinion: Petitioner Andre Hunter's objections are **OVERRULED** (ECF No. 19); the magistrate judge's report and recommendation is **ADOPTED** as the Opinion of the Court (ECF No. 18); Petitioner's petition is **DENIED** (ECF No. 1); and a certificate of appealability is **DENIED**.

Judgment will enter separately.

**IT IS SO ORDERED.**

**Date:** March 26, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge